IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **JONATHAN WASHINGTON** | **PETITIONER** |
| v.     NO. 4:06CR00149 JMM
          4:09CV00187 JMM | |
| **UNITED STATES OF AMERICA** | **RESPONDENT** |

## ORDER

Jonathan Washington, an inmate of the Forrest City Federal Correction Complex, brings this *pro se* Motion and Supplemental Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (docket entry #35, #47). Respondent replied, asserting that Petitioner's claims were without merit (docket entry #39, #49). For the reasons that follow, the petition should be dismissed in its entirety.

On April 5, 2006, a Grand Jury sitting in the Eastern District of Arkansas indicted Petitioner on two counts. The first count charged the Petitioner with knowing and intentional possession of a firearm subsequent to a felony conviction in violation of 18 U.S.C. § 922(g)(1). The second count charged the Petitioner with possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On January 8, 2007, pursuant to a plea agreement in which the § 924(c)(1) charge would be dismissed on the Government's motion, Washington pleaded guilty to knowing and intentional possession of a firearm subsequent to a felony conviction. 18 U.S.C. § 922(g)(1).

Reasoning that Washington possessed the firearm in connection with another felony offense, this Court applied a four-level increase under the Advisory Guidelines. *See* U.S.S.G. § 2K2.1(b)(6). Petitioner was sentenced to a term of fifty-seven months imprisonment followed by

three years supervised release, no fine or restitution, and a $100 special mandatory assessment (docket entry #21).

Petitioner appealed his sentence to the Eighth Circuit Court of Appeals, challenging the four-level increase and the reasonableness of his sentence. *United States v. Washington*, 528 F.3d 573 (8th Cir. 2008) (per curiam). The Court of Appeals affirmed, finding that the District Court did not err in applying the four-level increase because Washington possessed the firearm in connection with another felony offense. *Id.* (citing *United States v. Ingram,* 501 F.3d 963, 968 (8th Cir.2007); *United States v. Johnson,* 474 F.3d 1044, 1048 (8th Cir.2007); *United States v. Regans,* 125 F.3d 685, 686 n. 2 (8th Cir.1997); *Mack v. United States,* 853 F.2d 585, 586 (8th Cir.1988) (per curiam) (guilty plea admits all elements of criminal charge)).

Petitioner's *pro se* motion and supplemental motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, now before the Court, essentially alleges that Petitioner's trial and appellate counsel each failed to provide effective assistance of counsel. In support, Petitioner contends that effective defense counsel would have asserted two additional claims. First, he claims that effective counsel would have asserted that the Court's finding that Petitioner "constructively possessed" the firearm upon selecting it and offering drugs in payment for it was unconstitutional. Second, Petitioner contends that effective counsel would have asserted that the Court's use of the Petitioner's constructive possession as both an element of the underlying offense *and* as an element of sentence enhancement amounted to impermissible and unconstitutional double counting. Petitioner further asserts that he would not have entered his guilty plea but for counsel's faulty interpretation of the law. Finally, Petitioner alleges that this Court engaged in impermissible double counting in applying a sentence enhancement, and that

his right to due process was violated by the Court's acceptance of his guilty plea.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065; *accord Yarborough v. Gentry,* 540 U.S. 1, 6, 124 S.Ct. 1 (2003) (judicial review of attorney's tactical decisions is "highly deferential-and doubly deferential when it is conducted through the lens of federal habeas").

Because of the "distorting effects of hindsight" and the difficulty of assessing counsel's strategic trial decisions, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Proving that the deficient performance prejudiced the defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In this assessment, the court must consider the totality of the evidence before the judge or the jury. *Id.* at 695, 104 S.Ct. at 2069.

First and foremost, the United State Supreme Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success. *Knowles v. Mirzayance*, -- U.S. --, 129 S.Ct. 1411, 1420 (2009). Nor must every nonfrivolous

defense be raised. *See Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308 (1983). Notwithstanding *Barnes*, *supra*, it is possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent. *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 765 (2000). Accordingly, Petitioner's counsel at the trial and appellate level was not required to raise every possible claim or defense.

Notwithstanding this, Petitioner's appellate counsel did in fact raise Petitioner's defense as to constructive possession as well as his claim against the sentence enhancement's permissibility. Furthermore, though Petitioner asserts that he would not have entered his guilty plea but-for his counsel's incorrect interpretation of the law, counsel's interpretation, specifically that of the United States Supreme Court case *Watson v. United States*, 552 U.S. 74, 128 S.Ct. 579 (2007), is in accord with the Eighth Circuit Court of Appeals' opinion in Washington's own case. *See Washington*, 528 F.3d at 574. *Watson* held that one does not "use" a firearm under 18 U.S.C. § 924(c)(1)(A) by receiving it in trade for drugs. *Id.*

Here, as at the appellate level, Washington argues that *Watson* controls his case. As the Court of Appeals announced previously, however, "*Watson* is inapposite because it addresses "use" of a firearm, not possession," and Petitioner pleaded guilty to the crime of felon in possession. *Washington*, 528 F.3d at 574. Petitioner's counsel brought forth all the claims and defenses Petitioner now alleges were missing from counsel's briefs to the Court of Appeals, and the Court of Appeals affirmed. Petitioner's counsel, therefore, was not ineffective within the meaning of the Sixth Amendment.

Likewise, Petitioner's argument that his sentence enhancement under U.S.S.G. § 2D1.1(b)(1) constitutes impermissible double counting is without merit. The sentencing

guidelines bar the § 2D1.1(b)(1) enhancement as impermissible double counting when a defendant is convicted of violating 18 U.S.C. § 924(c); however, Petitioner's § 924(c) count was dismissed by motion of the government and, as the Court of Appeals in Petitioner's case previously held, the enhancement is permissible. *See United States v. Friend*, 101 F.3d 557, 558-59 (8th Cir.1996).

Petitioner's final claim that due process of law was violated by this Court's acceptance of his guilty plea without a showing of fact by the prosecution is wholly without merit. The prosecution's burden of proof beyond a reasonable doubt by a detailed showing of fact is precisely what is disposed of by a guilty plea, as the plea admits all the elements of a crime. *See Johnston v. United States*, 254 F.2d 239, 241 (8th Cir. 1958) (a defendant by his plea of guilty "admits the allegations of the facts charged [...] and if the plea of guilty is properly entered, the accused cannot later be heard to contend that there was no evidence offered.").

In conclusion, Petitioner's Motion and Supplemental Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (docket entry #35, #47) are without merit and are DENIED as to all issues.

IT IS SO ORDERED THIS 9th day of November, 2009.

James M. Moody
United States District Judge